Cyril J. Brown, J.
This is an appeal from a judgment of conviction after trial before a Judge of the Nassau County District Court, sitting without a jury, for a violation of section 2040 of the Penal Law (willful violation of the terms of a lease)
The defendant, the superintendent of an apartment house wherein the complaining witness resided, allegedly entered the complainant’s apartment without permission on two occasions *474 and disarranged the furniture therein preparatory to painting. There was further testimony that she did this willfully and with an intent to cause the tenant such discomfort as would prompt her to vacate the premises. This was the basis for the charge that the defendant willfully and intentionally interfered with the quiet enjoyment of the premises by the tenant.
Defendant seeks a reversal of the judgment of conviction below on five grounds. They are: (1) that the pertinent portion of section 2040 of the Penal Law under which she was convicted is unconstitutional; (2) that the information failed to state facts constituting an offense; (3) that the trial court erred in permitting the amendment to the information; (4) that the proceedings below were irregular; and (5) that the District Court was without jurisdiction to try the charges.
In support of her first point, i.e., that the “ pertinent portion of Section 2040 of the Penal Law is unconstitutional ’ ’, appellant claims that the clause “ interferes with quiet enjoyment ” is too indefinite and uncertain to conform to the requirements of due process. Due process does not require ‘' impossible standards of specificity ” (Jordan v. De George, 341 U. S. 223). Rather, the test is whether the language conveys a “ sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices ” (Jordan v. De George, supra, pp. 231- 232). The term “ interferes with quiet enjoyment ” is sufficiently clear in its ordinary meaning to give warning to the prospective wrongdoer that his contemplated act is proscribed.
The appellant contends that the trial court erred when, at the conclusion of the People’s case, it allowed an amendment to the information so that the information, for the first time, specifically stated that there had been a constructive eviction. All of the authorities cited in support of appellant’s contention, however, are cases wherein an indictment, and not an information, was sought to be amended and, consequently, are inapposite. There is a vast difference between an information and an indictment in that the latter depends for its validity upon a presentment by a body distinct and separate from the court, i.e., the Grand Jury. Except for changes of nonessential details, pursuant to statutory authority (Code Crim. Pro., § 293), or the addition of related counts (Code Crim. Pro., § 295-j), a court cannot usurp the authority of a Grand Jury by a unilateral amendment of an indictment (People v. Van Every, 222 N. Y. 74). Yet, the court can permit the amendment of an information even though the amendment affects a matter of substance (People v. Easton, 307 N. Y. 336). In the case at *475 hand, however, the original information sufficiently stated the matters upon which the defendant was to be tried. The amendment strengthened the information, but, as the amendment was conclusory, it was not strictly necessary in order to sustain a subsequent conviction.
Defendant’s contention that the trial court lacked jurisdiction to try the charges against her is without merit. The Legislature has given to the Nassau County District Court jurisdiction over all misdemeanors committed within the county as well as all offenses below the grade of misdemeanors (Nassau County District Court Act, § 230). At the time the alleged violation of section 2040 occurred and at the time the defendant was arraigned, a violation of that statute was classified as a misdemeanor. On June 1, 1954 and before the trial of this action, such a violation was changed from a misdemeanor to an offense. Clearly, then, the District Court had jurisdiction to try the charge against the defendant.
Appellant’s claim that the proceedings below were irregular arises out of the fact that at her arraignment the defendant was not Informed of her right to apply for a certificate of removal for the purpose of having the charges against her presented to a Grand Jury (Nassau County District Court Act, § 231; Code Crim. Pro., §§ 57, 58). The defendant, by her attorney, entered a plea of ‘ ‘ not guilty ’ ’ and proceeded to trial with no apparent objection. In this case the failure to inform the defendant of her right of removal is not such a defect as would invalidate the subsequent proceedings (People v. McGann, 43 Hun 55).
The appellant having raised no valid ground for reversal, the judgment of conviction is affirmed.
Submit order.