492 P.2d 742

**STATE of Arizona, Appellant,**

v.

**Irving F. FOGEL et al., Appellees.**

**Nos. 1 CA–CR 254, 1 CA–CR 305.**

Court of Appeals of Arizona, Division 1.

Jan. 17, 1972.

Rehearing Denied March 8, 1972.

Review Denied May 9, 1972.

Gary K. Nelson, Atty. Gen., Donald D. Meyers, and C. Kimball Rose, Special Counsel, Phoenix, for appellant.

Debus & Busby, by A. Jerry Busby, Phoenix, for appellee Irving F. Fogel.

Arrick & Ball, Ltd., by Kenneth M. Arrick, Phoenix, for appellee James E. Mack.

Philip T. Goldstein, Ltd. by Philip T. Goldstein, Phoenix, for appellee Ira S. Broadman.

Ira S. Broadman, Phoenix, in pro. per.

Kanne & Bickart, by Allen B. Bickart, Phoenix, for appellee Wade Church.

HOWARD, Judge.

We have consolidated for the purposes of appeal two criminal actions involving the same defendants. In 1966, a multicount indictment was returned against the appellees and others, charging them with various crimes including theft by false pretenses, embezzlement and perjury. These charges arose from the collapse of the Union Title Company. This indictment was quashed by the trial court on the ground that the presentation of the evidence before the grand jury was done by a disqualified deputy county attorney. The quashal was upheld on appeal in the case of Corbin v. Broadman, 6 Ariz.App. 436, 433 P.2d 289 (1967). A second indictment was returned by the grand jury in June of 1969. This indictment contains some 125 counts. Twelve of the counts of the indictment were dismissed by the trial court based upon the statute of limitations and nine more were dismissed on the grounds that there was a fatal variance between the indictment and a bill of particulars concerning said counts furnished by the State to the defendants.

The State presents the following questions on appeal: (1) Is the statute of limi-

tations tolled with the filing of an invalid first indictment when a subsequent valid indictment is filed and the fact of the case indicate that there is one continuous prosecution? (2) Is there a time limitation within which a prosecution must be commenced against a person who knowingly procures or offers a false instrument to be recorded in this state if the instrument becomes a public record? (3) Has the State properly charged offenses pursuant to Rule 115, Arizona Rules of Criminal Procedure, 17 A.R.S.?

## STATUTE OF LIMITATIONS

■ Statutes of limitation in criminal cases are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct. Unlike a statute of limitation in a civil case, a criminal statute of limitation is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused. Waters v. United States, 328 F.2d 739 (10th Cir. 1964). It is jurisdictional. People v. Rehman, 62 Cal.2d 135, 41 Cal. Rptr. 457, 396 P.2d 913 (1964).

■ Statutes of limitation are to be construed liberally in favor of the accused and against the prosecution. United States v. Moriarty, 327 F.Supp. 1045 (E.D.Wis. 1971); Waters v. United States, supra.

A.R.S. § 13–106, subsec. B, as amended, provides that "An indictment . . . for a felony . . . shall be found . . . within five years after its commission." Subsection D of this statute states that an indictment is "found" when it is " . . . duly returned and presented by the grand jury in open court, and there received and filed."

■ There is no doubt that more than five years has elapsed between the time the offenses were allegedly committed and the return by the grand jury of the indictment in 1969. The State contends that since

it has been diligently pursuing and continuing the case after the quashal of the original indictment in 1966, the statutes of limitation should be tolled. The State has cited several cases which it contends uphold its position. Our reading of these cases reveals that they are wholly inapposite.

■ There are generally three types of statutes of limitation: 1) Statutes which provide that an indictment must be filed within a specified time, 2) statutes which provide that prosecution must commence within a specified time, and 3) statutes which provide that the statute of limitations is tolled if an indictment is quashed. Arizona has enacted the first type of statute. There are three jurisdictions in this country which have decided this question and which have statutes similar to that of Arizona. All three have held that the return of an indictment on which no valid conviction or judgment can be had will not operate to toll the running of the statute of limitations pending the return or filing of a valid indictment or information in the absence of a statute expressly so providing. State v. Bilbao, 38 Idaho 92, 222 P. 785 (1923); State v. Disbrow, 130 Iowa 19, 106 N.W. 263 (1906); State v. Silver, 239 Or. 459, 398 P.2d 178 (1965). See also Annot., 90 A.L.R. 452, 456 (1934), 21 Am. Jur.2d Criminal Law § 163 (1965).

Applying the rules of construction previously mentioned, we agree with the decisions from Oregon, Iowa and Idaho and conclude that the trial court was correct in ruling that the twelve counts were barred by limitations.[1]

## RECORDING A "FALSE INSTRUMENT"

■ The counts which were dismissed by the court due to the statute of limitations allegedly involved mortgages and notes which were purportedly first mortgages on property which the State contends were in fact not first mortgages. The State maintains that since these instru-

---

1. We do not decide whether the statute will operate as a bar when the indictment is quashed and the court orders a resubmission to the grand jury under Ariz.R.Crim.P. 175.

ments violate A.R.S. § 39–161,[2] and since the county recorder must record all instruments that are acknowledged, ergo, the defendants are guilty of falsifying public records, a crime for which there is no statute of limitations. A.R.S. § 13–106, subsec. A, as amended, expressly exempts from the statute of limitations prosecution for "falsification of public records."

■ A statute increasing the period of limitation as to particular crimes is to be construed strictly to apply only to cases shown to be clearly within its purpose. United States v. McElvain, 272 U.S. 633, 47 S.Ct. 219, 71 L.Ed. 451 (1926); McGuinness v. United States, 77 A.2d 22 (D.C. Mun.App.1950); State v. Brown, 22 N.J. 405, 126 A.2d 161 (1956). Ever since the 1901 Penal Code, our legislature has recognized two distinct crimes: (1) Offering a forged or false instrument for filing, A.R.S. § 39–161; and (2) a falsification by a public officer or any person with public records in his custody as set forth in A.R.S. § 38–421, which states:

"A. An officer having custody of any record, map or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his hands for any purpose, who steals, wilfully destroys, mutilates, defaces, alters, falsifies, removes or secretes the whole or any part thereof, or who per-

mits any other person so to do, shall be punished by imprisonment in the state prison for not less than one nor more than fourteen years.

B. A person not an officer who is guilty of the conduct specified in subsection A of this section shall be punished by imprisonment in the state prison for not to exceed five years or in the county jail for not to exceed one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment."

We believe as did the California court in People v. Pearson, 111 Cal.App.2d 9, 244 P.2d 35 (1952), that the foregoing statute is the statute to which the limitations period in A.R.S. § 13–106, subsec. A, as amended, applies and that such statute is not applicable to prosecutions under A.R.S. § 39–161.

## INCONSISTENCIES BETWEEN THE INDICTMENTS AND BILL OF PARTICULARS

Several counts were dismissed by the trial court because of inconsistencies between the counts set forth in the indictments and a bill of particulars which was furnished to defendants. When the defendants, pursuant to Ariz.R.Crim.P. 169,[3] moved to strike the counts because of the alleged variance between the bill of particulars and the counts of the indictment, the State, pursuant to Ariz.R.Crim.P. 144, moved to strike certain allegations in the

---

2. A.R.S. § 39–161 provides:
 "A person who knowingly procures or offers a false or forged instrument to be filed, registered or recorded in a public office in this state, which, if genuine, could be filed, registered or recorded under any law of this state or the United States, is guilty of a felony."

3. Ariz.R.Crim.P. 169 provides:
 "A. A motion to quash the indictment or information shall be available only on one or more of the following grounds. In the case of:
 1. Either an indictment or information:
 * * * * *
 (e) That it appears from the bill of particulars that the particulars

stated do not constitute the offense charged in the indictment or information, or that the defendant did not commit that offense, or that a prosecution for the offense is barred by the statute of limitations. If the county attorney furnishes another bill of particulars which either by itself, or together with any particulars appearing in the indictment or information, so states the particulars as to make it appear that they constitute the offense charged in the indictment or information, and that the offense was committed by the defendant, and that it is not barred by the statute of limitations, the motion shall be overruled."

various counts which seemed to conflict with the bill of particulars as being surplusage and unnecessary.

Ariz.R.Crim.P. 144 states that "[a]ny allegation unnecessary under existing law or under the provisions of these Rules may, if contained in an indictment, information or bill of particulars, be disregarded as surplusage." Further, Ariz.R.Crim.P. 120 provides that "[a]n indictment or information need contain no allegation of the means by which the offense was committed, unless such allegation is necessary to charge the offense under Rule 115." The State then contends that the surplusage that it desired stricken from the counts merely referred to the means with which the alleged theft took place, and that since under State v. Miller, 100 Ariz. 288, 413 P.2d 757 (1966), the bill of particulars and the indictment can be read together, there will then be no variance between the bill of particulars and the allegations of the indictment.

After reviewing the record we agree with the trial judge that the facts of the crimes set forth in the bill of particulars, when compared with the indictment by the grand jury, indicate that the bill of particulars sets forth different events and therefore different crimes than those contained in the indictment.

 In the absence of a statute, an indictment, being the finding of a grand jury on oath and depending on this fact for its validity, cannot be amended by the court or the prosecuting attorney in any matter of substance without the concurrence of the grand jury which presented it. United States v. Williams, 412 F.2d 625 (3d Cir. 1969); Heisler v. United States, 394 F.2d 692 (9th Cir. 1968); United States v. Fawcett, 115 F.2d 764 (3d Cir. 1940); Crews v. State, 40 Ala.App. 306,

112 So.2d 805 (1959); Mitchell v. Superior Court, 76 Cal.App. 734, 245 P. 1109 (1926); State v. Flanery, 168 La. 364, 122 So. 67 (1929); State v. Smith, 160 La. 503, 107 So. 386 (1926); State v. Wheatley, 192 Md. 44, 63 A.2d 644 (1949); Price v. State, 227 So.2d 858 (Miss.1969); State v. Grothmann, 13 N.J. 90, 98 A.2d 291 (1953); People v. Easton, 307 N.Y. 336, 121 N.E.2d 357 (1954); People v. Kramer, 10 Misc. 2d 473, 175 N.Y.S.2d 508 (1958); State v. Cole, 202 N.C. 592, 163 S.E. 594 (1932); State v. Dowd, 201 N.C. 714, 161 S.E. 205 (1931); State v. Russell, 231 Or. 317, 372 P.2d 770 (1962); Clopton v. State, 408 S. W.2d 112 (Tex.Crim.App.1966); State v. Dopp, 127 Vt. 567, 255 A.2d 186 (1969).

 There is no law in the State of Arizona which permits an amendment of substance to an indictment returned by the grand jury. While it is true that Ariz. R.Crim.P. 144 permits the striking of surplusage and while it is also true under State v. Miller, supra, that a bill of particulars can be read together with the indictment to supply a deficiency, it is equally clear that if the court had permitted the State to strike out those allegations in the indictment which it desired stricken and then allowed the State to read the indictment, as amended, in conjunction with the bill of particulars the indictment would be amended to charge new and different matters of substance without the consent of the grand jury. Such a procedure is prohibited.

Affirmed.

HATHAWAY, and JACOBSON, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.