[No. 3632-II.   Division Two.   December 28, 1979.]

THE STATE OF WASHINGTON, *Appellant,* v. RICHARD A.
GLOVER, *Respondent.*

*Patrick D. Sutherland, Prosecuting Attorney,* and *Richard A. Strophy, Chief Criminal Deputy,* for appellant.

*Richard Glover,* pro se.

REED, J.—The State appeals from an order dismissing the amended information which charged defendant Richard Glover with felony–indecent liberties. We agree that the action was barred by the statute of limitation and affirm.

For ease of comprehension, the relevant facts will be presented in diary form.

January 1975: defendant allegedly sexually assaults a 10–year–old child.

January 1976: the statute of limitation on any misdemeanor or gross misdemeanor charged that could have been filed based on the January 1975 incident expires. Former RCW 10.01.020.

October 25, 1977: defendant charged with the crime of gross misdemeanor–indecent liberties.[1]

January 1978: the statute of limitation expires on any felony charges that could have been filed based on the 1975 incident. Former RCW 10.01.020.

April 11, 1978: the State files an amended information alleging that defendant had violated the felony–indecent liberties statute.[2]

April 14, 1978: defendant moved to dismiss the amended information on the grounds that it was not timely filed.

A hearing on defendant's motion was held on April 18, 1978. The prosecutor argued that the amended information should be construed as "relating back" to the time the original information was filed. According to the prosecutor, such an interpretation would save the amended information because a felony charge filed on October 25, 1977 would not have been barred by the statute of limitation. The trial court denied the motion finding that it lacked subject matter jurisdiction as neither the original information nor the amended information was filed within the applicable limitation period. The State appeals.

■■ The State's challenge to the order of dismissal is two–pronged. The prosecutor first argues that the amended

---

[1]Section (1) of former RCW 9.79.080 provided:

"Every person who takes any indecent liberties with, or on the person of any other person of chaste character, without the other person's consent, shall be guilty of a gross misdemeanor;"

[2]Section (2) of former RCW 9.79.080 stated:

"Every person who takes any indecent liberties with or on the person of any child under the age of fifteen years, or makes any indecent or obscene exposure of his person, or of the person of another, whether with or without his or her consent, shall be guilty of a felony, and shall be punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year."

information and the original information were substantially the same and that defendant would not have been prejudiced by permitting the amendment. *See* CrR 2.1(d). Although there is no Washington case on point, other jurisdictions have permitted an amended information to be filed after the expiration of the statute of limitation if the new charges do not broaden the original charge and if the *original information or indictment was timely filed. Patterson v. Municipal Court,* 17 Cal. App. 3d 84, 94 Cal. Rptr. 449 (1971); *Harris v. State,* 229 So. 2d 670 (Fla. Dist Ct. App. 1969). None of the cases located, however, involved an attempt to amend an original information that, itself, was filed after the statute of limitation had run. In fact, according to the great weight of authority, an attempt to amend a timely filed felony information to charge an included misdemeanor after the misdemeanor statute of limitation has expired is improper. *E.g., Chaifetz v. United States,* 288 F.2d 133 (D.C. Cir. 1960), *rev'd in part on other grounds,* 366 U.S. 209, 6 L. Ed. 2d 233, 81 S. Ct. 1051 (1961); *State v. Civella,* 364 S.W.2d 624 (Mo. 1963); *State v. King,* 140 W. Va. 362, 84 S.E.2d 313, 47 A.L.R.2d 878, (1954); *People v. Meyers,* 39 Cal. App. 244, 178 P. 965 (1919).

The trial court, in its memorandum opinion, stated that the original information was void on its face and that there was, therefore, nothing to which the amended information could "relate back." We agree with the trial court's analysis. Unlike the situation in civil cases, a criminal statute of limitation is not merely a limitation upon the remedy, but is a "limitation upon the power of the sovereign to act against the accused." *State v. Fogel,* 16 Ariz. App. 246, 248, 492 P.2d 742, 744 (1972). It is jurisdictional. *Waters v. United States,* 328 F.2d 739 (10th Cir. 1964); *State v. Fogel, supra; People v. Rehman,* 62 Cal. 2d 135, 396 P.2d 913, 41 Cal. Rptr. 457 (1964); *People v. Kohut,* 30 N.Y.2d 183, 282 N.E.2d 312, 331 N.Y.S.2d 416 (1972). *But see United States v. Wild,* 551 F.2d 418 (D.C. Cir. 1977). An indictment or information which indicates that the offense is barred by the statute of limitation fails to state a public

offense. *People v. Hawkins,* 34 Ill. App. 3d 566, 340 N.E.2d 223 (1975). It is not subject to amendment and must be dismissed.[3] *State v. Bates,* 52 Wn.2d 207, 324 P.2d 810 (1958); *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956) (an information may be so vague as to fail to state any offense and be subject to dismissal). The prosecution's arguments to the contrary are not convincing.

■ As its second argument, the State suggests that the "extension clause" of the statute of limitation in effect at the time the crime was allegedly committed acts to save this action. The relevant portion of the statute provided:

That where an indictment has been found, or an information filed, *within the time limited for the commencement of a criminal action,* if the indictment or information be set aside, the time of limitation shall be computed from the setting aside of such indictment or information.

(Italics ours.) Former RCW 10.01.020.

On its very face, the statute indicates that the extension provision is to apply only in cases where the original indictment or information was timely filed. *See also United States v. Charnay,* 537 F.2d 341 (9th Cir. 1976); *United States v. Strewl,* 99 F.2d 474 (2d Cir. 1938); *People v. Kohut, supra.* In addition RCW 10.37.050(5) requires that an indictment or information be filed within the limitation period. It states:

The indictment or information is sufficient if it can be understood therefrom—

. . .

---

[3]We note that in this case the question of whether the statute of limitation barred the proceeding was timely raised. We are not, at this point, faced with the problem of a possible waiver of the limitation period, and therefore do not reach such issue in this opinion. *See United States v. Wild,* 551 F.2d 418 (D.C. Cir. 1977); *Waters v. United States,* 328 F.2d 739 (10th Cir. 1964); *Cleveland v. Hirsch,* 26 Ohio App. 2d 6, 268 N.E.2d 600 (1971).

(5) That the crime was committed at some time previous to the finding of the indictment or filing of the information, and *within the time limited by law for the commencement of an action therefor;*

(Italics ours.)

We are convinced that the extension clause of the statute of limitation is not available for use by the State in this matter.[4] The record discloses no other facts which would excuse the late filing of both the original and amended complaint; we therefore must affirm the order of dismissal.

PEARSON, C.J., and PETRIE, J., concur.

---

[4]RCW 9A.04.080, the current criminal limitation statute, contains a similar "extension" provision.