[No. 8876-2-II.   Division Two.   January 7, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM RAY NETLING, ET AL, *Appellants.*

*Carroll C. Bridgewater, Jr., R. Wayne Torneby,* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow,* for appellants.

*Henry R. Dunn, Prosecuting Attorney,* and *Randolph Furman, Chief Deputy,* for respondent.

PETRICH, J.—William Netling and Peter Murphy appeal their convictions for delivery of a controlled substance. RCW 69.50.401(c). The issue on appeal is whether the double jeopardy clause of the Fifth Amendment as applied to the states by the fourteenth amendment to the Constitution of the United States and/or article 1, section 9 of the Washington Constitution or the provisions of RCW 10.43-.050 bars the prosecutions for this offense because of previous pleas of guilty to the lesser included offense of possession of a controlled substance. RCW 69.50.401(d).

We affirm, holding that neither double jeopardy clause, nor the statute, bars the prosecutions.

The defendants were initially charged with two offenses in one information. The offenses were possession and delivery of cocaine, a controlled substance. The possession of cocaine charge was not a separate offense but rather a lesser included offense of the delivery charge. The defendants then entered pleas to the lesser offense, possession of cocaine. Both the trial court and the State accepted the pleas. Sentencing was deferred until after the trial on the

delivery charges. The defendants subsequently moved to dismiss the charges for the greater offense on the ground of double jeopardy and the statute. The trial court denied the motions. At trial on stipulated facts, the defendants were found guilty of the delivery charges. The court then concluded that the possession charges merged into the delivery charges and therefore sentenced them only for the greater offense.

The first issue is whether the double jeopardy clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, bars the prosecutions for the delivery charge because of the earlier pleas to the lesser included offense of possession.

This issue has been resolved against the defendants in *Ohio v. Johnson,* 467 U.S. 493, 81 L. Ed. 2d 425, 104 S. Ct. 2536 (1984). In *Johnson,* a defendant had pleaded guilty to manslaughter and grand theft, while remaining charged with murder and aggravated robbery. Under the laws of Ohio, manslaughter and grand theft were lesser included offenses of the remaining charges, murder and aggravated robbery. The United States Supreme Court held that the federal constitution's double jeopardy clause did not bar the State from continuing its prosecution of the defendant on the greater charges. Therefore, pursuant to *Johnson,* the federal double jeopardy clause does not bar the prosecutions here.

The defendants argue that notwithstanding *Johnson* this state's double jeopardy clause, Const. art. 1, § 9, and a statute, RCW 10.43.050, provide more protection and should bar the prosecutions of the delivery charges. Their argument fails.

■■ Historically, Washington courts have not interpreted this state's double jeopardy clause so as to give greater protection than the federal double jeopardy clause. *State v. Ridgley,* 70 Wn.2d 555, 556, 424 P.2d 632 (1967); *State v. Schoel,* 54 Wn.2d 388, 341 P.2d 481 (1959). We see no reason to do so now.

■ We also believe that RCW 10.43.050 does not insu-

late the defendants from prosecutions for the delivery charges because, by its terms, it is inapplicable to their situation. The statute provides:

> Whenever a defendant shall be acquitted or convicted upon an indictment or information charging a crime consisting of different degrees, he cannot be proceeded against or tried for the same crime in another degree, nor for an attempt to commit such crime, or any degree thereof.

The statute only refers to crimes of different "degrees," and not to a crime involving greater and lesser offenses as we have here. "The term 'degree' denotes a division or classification of one specific crime into several grades or *stadia* of guilt, according to the circumstances attending its commission." Black's Law Dictionary (4th ed. 1968). (The term has not been defined by either the Washington courts or the statutes.)

In contrast, the test for a lesser included offense is:

> A lesser included offense exists when all of the elements of the lesser offense are *necessary* elements of the greater offense. Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

(Citation omitted. Italics ours.) *State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973).

Under the above test, a crime of an inferior degree may or may not constitute a lesser included offense of a crime of a greater degree. For example, robbery in the second degree, RCW 9A.56.210, is both a crime of an inferior degree and a lesser included offense of robbery in the first degree, RCW 9A.56.200. This is because it is not possible to commit robbery in the first degree without also committing robbery in the second degree. (A person is guilty of robbery in the first degree "if in the commission of a robbery . . . he . . . [i]s armed . . ." RCW 9A.56.200. In contrast, a person is guilty of robbery in the second degree if he commits robbery. RCW 9A.56.210.) But, theft in the second degree, RCW 9A.56.040, is not always both a crime of an

inferior degree and a lesser included crime of theft in the first degree. RCW 9A.56.030. This is because it is possible to commit theft in the first degree without committing theft in the second, *i.e.*, if a pickpocket steals a quarter out of a person's pocket, he commits theft in the first degree ("theft of . . . [p]roperty of any value taken from the person of another", RCW 9A.56.030(1)(b)), without committing theft in the second degree ("theft of . . . [p]roperty or services which exceed(s) two hundred and fifty dollars in value, but does not exceed one thousand five hundred dollars in value". RCW 9A.56.040(1)(a)).

Given the difference in meaning of the two terms, it is apparent that the Legislature only intended for the statute to apply to crimes which have different degrees as defined by the Legislature.[1] Moreover, it appears that the statute has never been applied to a situation involving a lesser included offense. We conclude the statute does not apply here.

Affirmed.

REED, C.J., and ALEXANDER, J., concur.

Reconsideration denied February 10, 1987.

Review denied by Supreme Court May 5, 1987.

---

[1]*Compare* RCW 10.43.050 *with* RCW 10.43.020 (referring to "necessarily included" offenses). The Legislature has made this same distinction elsewhere. *Compare* RCW 10.61.003 (referring to offenses of "different degrees") *with* RCW 10.61.006 (referring to "necessarily included" offenses).