[No. 13129-3-II.    Division Two.    April 2, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
KIRK, *Petitioner*.

*Jeffrey Cox* and *Shiers, Chrey, Hauge, Cox & Caulkins,* for petitioner.

*C. Danny Clem, Prosecuting Attorney,* and *Irene K. Asai, Deputy,* for respondent.

PETRICH, C.J. — We accepted discretionary review of the trial court's order directing the retrial of a charge of first degree statutory rape against William Kirk. He contends that the double jeopardy clauses of the state and federal constitutions bar a retrial.

The issue presented is whether the trial court's act of discharging the jury without Kirk's consent, after the jury had entered a guilty verdict on a lesser included offense, prosecution of which was barred by the statute of limitation,[1] without having made a determination of guilt or innocence of the greater offense, terminated jeopardy on the

---

[1]"Unlike a statute of limitation in a civil case, a criminal statute of limitation is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused." *State v. Fogel,* 16 Ariz. App. 246, 248, 492 P.2d 742, 744 (1972). "It is jurisdictional. . . . An indictment or information which indicates that the offense is barred by the statute of limitation fails to state a public offense." *State v. Glover,* 25 Wn. App. 58, 61-62, 604 P.2d 1015 (1979); *State v. Eppens,* 30 Wn. App. 119, 124, 633 P.2d 92 (1981) (statutes of limitation create absolute bar to prosecution).

greater offense, thus precluding its retrial. We conclude that without a showing that the discharge of the jury on the greater offense was necessary in the interest of the proper administration of justice, such a discharge terminates jeopardy and bars a retrial on the greater charge.

William Kirk went on trial for first degree statutory rape. He requested a jury instruction on the lesser included offense of communication with a minor for immoral purposes. The State excepted to the instruction on the ground that the statute of limitation for that crime had expired by the time the State filed the information. The court gave the instruction, believing that the statute of limitation for the greater offense controlled as to the lesser included crime.[2] The jury found Kirk guilty of the lesser included communication charge, but did not return a verdict on statutory rape. The court then polled the jurors and asked each of them, "Was the jury unable to agree as to the allegation of first degree statutory rape?" All 12 jurors said, "Yes". The court then discharged the jury.

The State then moved to reset trial on the rape charge. Initially, the trial court denied the motion. After Kirk moved to arrest judgment on the communication charge on jurisdictional grounds, alleging that the statute of limitation had run, the court, on reconsideration, granted the State's motion to reset the trial and granted Kirk's motion to arrest judgment on the lesser included crime.

■ The Fifth Amendment to the United States Constitution states: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . .". Const. art. 1, § 9 declares: "No person shall be . . . twice put in jeopardy for the same offense."

Because of the similarity of these jeopardy provisions, the language of the state constitution receives the same interpretation as that which the United States Supreme Court

---

[2]The court recognized that its conclusion was erroneous upon Kirk's motion for arrest of judgment. The court, however, clarified its earlier decision as based on its belief that the defendant had waived the statute of limitation. Nonetheless, the court conceded that the record did not support a finding of waiver.

gives to the jeopardy provision of the federal constitution. *State v. Schoel*, 54 Wn.2d 388, 391, 341 P.2d 481 (1959) (double jeopardy clauses are identical in thought, substance, and purpose); *State v. Netling*, 46 Wn. App. 461, 463, 731 P.2d 11, *review denied*, 108 Wn.2d 1011 (1987).

■ The double jeopardy clause provides four related protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), *overruled on other grounds in Alabama v. Smith*, 490 U.S. 794, 104 L. Ed. 2d 865, 109 S. Ct. 2201 (1989). It also protects the defendant's "valued right to have his trial completed by a particular tribunal." *United States v. DiFrancesco*, 449 U.S. 117, 128, 66 L. Ed. 2d 328, 101 S. Ct. 426 (1980) (quoting *Arizona v. Washington*, 434 U.S. 497, 503, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978) (quoting *Wade v. Hunter*, 336 U.S. 684, 689, 93 L. Ed. 974, 69 S. Ct. 834 (1949))). "[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325, 82 L. Ed. 2d 242, 104 S. Ct. 3081 (1984). Not only is retrial precluded under the double jeopardy provision of the Fifth Amendment in an appropriate case, but the government's appeal of a judgment of acquittal is similarly barred. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977). Under this same principle, a trial court cannot set a retrial of a case that is barred under double jeopardy principles.

■ In *Green v. United States*, 355 U.S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221 (1957), the defendant was tried on two counts, one of first degree murder and one of second degree murder. The jury convicted Green of second degree but was silent on the first degree murder charge. Green appealed the second degree conviction and obtained a reversal and remand for new trial. The Supreme Court held that once

the trial court dismissed the jury before it returned a verdict on the first degree murder charge and without Green's consent, the State could not retry Green on that charge. The Court explained:

> Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder. But the result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of murder in the first degree. For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense. *Wade* v. *Hunter*, 336 U. S. 684 [93 L. Ed. 974, 69 S. Ct. 834 (1949)].

(Footnote omitted.) *Green*, at 190-91.

The State contends that *Green* does not apply because, while the *Green* jury was silent on the greater offense, here the jury could not make a unanimous finding of guilt or innocence on the greater offense. Thus, the State contends, there was a hung jury on the greater offense.

The common rule is that a finding of guilt on a lesser included offense is an acquittal on the greater charge. *State v. Schoel*, 54 Wn.2d at 394. Nonetheless, as the State points out, we cannot infer a verdict of not guilty from the record before us.[3] The record discloses that the jurors were unable to agree on the greater offense.

---

[3]The State contends that the jury should be required to reach a unanimous verdict on the greater charge before it considers the lesser one. While such an instruction would prevent the issue posed in the present case, the Supreme Court recently has held that such an instruction is not the preferred instruction in Washington. *State v. Labanowski*, 117 Wn.2d 405, 816 P.2d 26 (1991). Noting that many jurisdictions use an "acquittal first" instruction (*i.e.*, a jury must

■ ■ The discharge of a jury without the defendant's consent has the same effect as an acquittal unless the discharge was necessary in the proper administration of justice. *State v. Jones*, 97 Wn.2d 159, 162, 641 P.2d 708 (1982) (quoting *State v. Connors*, 59 Wn.2d 879, 883, 371 P.2d 541 (1962)). "One situation where the proper administration of justice requires the discharge of a jury is where that jury is unable to agree on a verdict." *Jones*, at 163. While the decision to discharge a jury is within the broad discretion of the trial court, there must be "extraordinary and striking" circumstances to justify the discharge. *Jones*, at 163 (quoting *State v. Bishop*, 6 Wn. App. 146, 150, 491 P.2d 1359 (1971), *review denied*, 80 Wn.2d 1006 (1972)). The jurors' acknowledgment of hopeless deadlock is an "extraordinary and striking" circumstance which would justify the trial court in discharging the jury. *Jones*, at 164. However, even in the face of such an acknowledgment, a trial court should consider the length of the jury deliberations in light of the length of the trial and the complexity of the issues. *Jones*, at 164 (citing *State v. Boogaard*, 90 Wn.2d 733, 739, 585 P.2d 789 (1978)). And the court should make appropriate inquiries about the jury's deliberations. *Jones*, at 164.

In *Jones*, the court found that there were no "extraordinary and striking" circumstances justifying a mistrial when, after a 4-day trial, the jurors did not indicate that they were having problems, the deliberations did not reach "extraordinary and striking" lengths, the court's inquiries were insufficient to establish that the jury was genuinely deadlocked, and the court failed to explore any alternatives to discharging the jury. *Jones*, at 165-66.

---

favor acquittal unanimously on the greater charge before considering the lesser), the court chose to follow those jurisdictions using an "unable to agree" instruction (*i.e.*, a jury can return a verdict on a lesser offense, if after full and careful consideration of the evidence, it is unable to reach unanimous agreement on the greater charge). The court gave two reasons for its choice. One, it "allows the jury to correlate more closely the criminal acts with the particular criminal conviction. Second, it promotes the efficient use of judicial resources; . . .". (Footnote omitted.) *Labanowski*, at 419.

Here, the mere acknowledgment that jurors were unable to agree on Kirk's innocence or guilt is not enough. While the trial began June 8 and ended June 13, we cannot tell from the record how long the jury deliberated. We do know, however, that the jury reached a verdict on the lesser offense and was discharged the same day the charges were submitted. In *Jones*, there was a much stronger showing that the jury was unable to reach a verdict than in the case before us, yet the court held that a declaration of mistrial was improper and that the double jeopardy clause precluded a retrial. Absent a showing of "extraordinary and striking" circumstances, the trial court's act of discharging the jury terminated Kirk's jeopardy.

We remand with directions to vacate the order resetting trial on the first degree statutory rape charge.

MORGAN, J., concurs.

REED, J.[*] (concurring) — I concur in the result, but for reasons different from those adopted by the majority. The majority does not make it clear that Kirk's jury was in fact instructed that it could move to consideration of the lesser crime if it were "unable to agree" on first degree rape. This is now the approved instruction in this state, and a "unanimity instruction" no longer is proper. *State v. Labanowski*, 117 Wn.2d 405, 816 P.2d 26 (1991).

Under this instruction, the jury had unimpeachable authority to convict on the lesser charge without having its deliberations questioned. Defendant did, however, risk a conviction of the greater charge. Having escaped conviction, under these circumstances, any further proceedings on the greater charge clearly would constitute double jeopardy.

The rationale of *Green v. United States*, 355 U.S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221 (1957) — quoted on page 792 of the majority herein — is controlling. Being "unable to agree" on the greater charge, the jury moved to the lesser offense and

---

[*]Judge Edward P. Reed is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

*returned* a conviction on that count. Thus, there was an "implicit acquittal" of the greater charge. *See State v. Schoel,* 54 Wn.2d 388, 341 P.2d 481 (1959); *State v. Murphy,* 13 Wash. 229, 43 P. 44 (1895); *State v. Robinson,* 12 Wash. 349, 41 P. 51 (1895).

Because *State v. Jones,* 97 Wn.2d 159, 641 P.2d 708 (1982), *State v. Boogaard,* 90 Wn.2d 733, 585 P.2d 789 (1978), *State v. Connors,* 59 Wn.2d 879, 371 P.2d 541 (1962) and other cases cited by the majority do not involve lesser included offenses coupled with "unable to agree" instructions, they are not helpful in this case.

In *Labanowski,* the court takes pains to point out that its divided opinion in *State v. Taylor,* 109 Wn.2d 438, 745 P.2d 510 (1987) did not stand for the rule that "a jury must be unanimous on a verdict of not guilty of the greater offense before it is allowed to render a verdict on a lesser offense." *Labanowski,* at 416-17. In *Taylor,* however, the jury had been *given* a "unanimity" instruction. The court held that, under these circumstances, it was appropriate to inquire of the jury as to whether it could — with further deliberation — agree on the greater charge, even though it already had returned a verdict of guilt on two lesser included offenses.

Finally, the fact that Kirk's lesser offense conviction has been vacated because the trial court lacked jurisdiction does not diminish either defendant's due process rights, or his right to be free of a second prosecution for first degree rape. Regardless of whose fault may have led to conviction on the erroneous charge, Kirk cannot again be tried for the greater offense. *See People v. Morgan,* 75 Cal. App. 3d 32, 141 Cal. Rptr. 863 (1977); *People v. Brice,* 206 Cal. App. 3d 111, 253 Cal. Rptr. 370 (1988), *review denied* (Feb. 23, 1989). By challenging the validity of his conviction, a defendant does not lay himself open to another prosecution for the crime of which he has been "implicitly" acquitted. The trial court's order arresting judgment on the lesser charge should have been granted unconditionally.

Review denied at 119 Wn.2d 1025 (1992).