[No. 43225-7-I.    Division One.    January 18, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. N.S., *Appellant*.

*Antonio Salazar,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David Lehan Ryan, Deputy,* for respondent.

BAKER, J. — N.S. was charged in juvenile court with rape in the third degree. The court found N.S. guilty of the lesser included offense of attempted rape in the third degree even though the statute of limitations for that crime had run. Because we hold that a defendant cannot be convicted of a lesser offense upon a prosecution for a greater crime commenced after the statute has run on the lesser offense, we reverse and dismiss.

I

N.S. was charged in juvenile court with rape in the third degree of his younger sister, E.S. The victim testified that the incident occurred when she was about 11 years old and her brother was about 13 years old. She testified that N.S. told her to come upstairs to his room. She said that "I think he took my jeans off, probably" and that he took his own clothes off. She said that she was "lying on the floor, or on the bed, I can't remember" and that N.S. was "up on me, probably" and "just laying on me." She testified that he "touched the private area" with "his private," but that there was no penetration. She told him to stop several times. A registered nurse practitioner who examined the victim testified that she "couldn't say clearly that it proved that there had been penetration of the hymen, but [this exam] raised concern."

At trial, N.S. argued that the State failed to prove penetration beyond a reasonable doubt. The court found that N.S. was not guilty as charged, but indicated a willing-

ness to convict on a lesser included offense. The State argued for attempted rape in the third degree. That crime is a gross misdemeanor for which the two-year statute of limitations had expired. N.S. argued that the court lacked jurisdiction to convict him of a gross misdemeanor because the two-year statute of limitations had run. The trial court held that the three-year statute of limitations for rape in the third degree controlled as to all lesser included offenses, and found N.S. guilty of attempted rape in the third degree. N.S. appeals. ·

## II

N.S. acknowledges that the original charge of rape in the third degree was timely filed within the three-year statute of limitations for class C felony charges.[1] However, N.S. argues that the trial court erred in finding him guilty of attempted rape in the third degree, a gross misdemeanor, because the charging document was filed more than two years after the alleged commission of the crime, and the two-year statute of limitations creates an absolute bar to prosecution. The State contends that the two-year statute of limitations for gross misdemeanors does not apply here because the original felony charge was timely brought, and the statute of limitations for the greater crime controls as to lesser included offenses.

This issue has never been directly addressed in Washington, but the answer is simple and straightforward. We agree with the overwhelming majority of courts that a defendant cannot be convicted of a lesser offense upon a prosecution for a greater crime commenced after the statute has run on the lesser offense.[2]

The policy behind statutes of limitations is to protect de-

---

[1]RCW 9A.44.060(2); RCW 9A.04.080(1)(h).

[2]*See, e.g., Chaifetz v. United States*, 288 F.2d 133 (D.C. Cir. 1960), *rev'd in part on other grounds*, 366 U.S. 209 (1961); *People v. Morgan*, 75 Cal. App. 3d 32, 141 Cal. Rptr. 863 (1977); *Padie v. State*, 557 P.2d 1138 (Alaska 1976); *Holloway v. State*, 362 So. 2d 333 (Fla. Dist. Ct. App. 1978); *Cane v. State*, 560 A.2d 1063 (Del. 1989); 2 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 18.5(a) (1984);

fendants from unfair decisions caused by stale evidence and to encourage law enforcement officials to promptly investigate crimes.[3] These same concerns are present when a defendant is charged with a greater crime but convicted of a lesser included offense. RCW 9A.04.080(1) states that "[p]rosecutions for criminal offenses shall not be commenced after the periods prescribed in this section." No exception is made for lesser included offenses. It is clear that a defendant may not be charged with a time-barred offense; therefore, the State should not be able to circumvent the statute of limitations by charging a greater crime and obtaining a conviction on a lesser included offense that is time barred. This principle holds true even if we assume that prosecutors will always act in good faith and refrain from deliberate overcharging.

The State's arguments against the majority rule are not persuasive. Adopting this rule does not interject a third prong into the well-settled *Workman* analysis for the determination of which lesser offenses may be included in a greater charge.[4] In making this argument, the State seeks to make the majority rule appear to be a radical departure from Washington law. It is not. Our holding does not alter the *Workman* analysis at all; instead, it addresses a separate issue that arises only when the defendant is facing conviction on a time-barred lesser included offense.

A small minority of states permit the greater offense to control as to the statute of limitations for the lesser included offense. Of those, all but one did so by enacting legislation that specifically eliminates the otherwise ap-

---

C.C. Morrow, Annotation, *Conviction of Lesser Offense, Against Which Statute of Limitations Has Run, Where Statute Has Not Run Against Offense With Which Defendant Is Charged*, 47 A.L.R.2d 887 (1956); 21 Am. Jur. 2d *Criminal Law* § 295 (1998); Alan L. Adelstein, *Conflict of the Criminal Statute of Limitations With Lesser Offenses at Trial*, 37 Wm. & Mary L. Rev. 199 (1995).

[3]*See Toussie v. United States*, 397 U.S. 112, 114-15, 90 S. Ct. 858, 25 L. Ed. 2d 156 (1970); Adelstein, 37 Wm. & Mary L. Rev. at 261-262.

[4]*State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978).

plicable period of limitations for lesser included offenses.[5] Only one jurisdiction, Georgia, maintains a contrary position as a matter of common law.[6] Washington has no statute that suspends the limitation period for lesser included offenses. This further supports our holding that the majority rule applies in Washington.

Although Washington has never expressly adopted the majority rule, there are two cases that approvingly mention the rule in dicta.[7] In *State v. Glover,* the court refused to allow the State to amend an original information that was filed after the statute of limitations had run because the original information was void on its face and there was nothing to which the amended information could "relate back." Although not necessary to its decision, the court noted that "according to the great weight of authority, an attempt to amend a timely filed felony information to charge an included misdemeanor after the misdemeanor statute of limitations has expired is improper."[8] In *State v. Kirk,* the trial court gave an instruction on a lesser included offense, believing that the statute of limitations for the greater offense controlled as to the lesser included crime. When Kirk moved to arrest judgment on the grounds that the statute of limitations had run, "the court recognized that its conclusion was erroneous" and granted the motion.[9] We implicitly affirmed the trial court's granting of this motion, although we reversed its decision on unrelated grounds. These cases indicate that Washington courts already approve of the majority rule. This case provides an opportunity to confirm that fact.

■ A criminal statute of limitations presents a jurisdic-

---

[5]*See* Me. Rev. Stat. Ann. tit. 17-A, § 8(7) (West); Ark. Code Ann. § 5-1-109(d) (Michie); Utah Code Ann. § 76-1-305; N.D. Cent. Code § 29-04-02 (applies to murder only); La. Code Crim. Proc. Ann. art. 574.

[6]*Sikes v. State,* 20 Ga. App. 80, 92 S.E. 553 (1917).

[7]*State v. Glover,* 25 Wn. App. 58, 61, 604 P.2d 1015 (1979); *State v. Kirk,* 64 Wn. App. 788, 790, 828 P.2d 1128, *review denied,* 119 Wn.2d 1025 (1992).

[8]*Glover,* 25 Wn. App. at 61.

[9]*Kirk,* 64 Wn. App. at 790 n.2.

tional bar to prosecution.[10] It is not merely a limitation upon the remedy, but a "limitation upon the power of the sovereign to act against the accused."[11] This absolute bar should not be lifted for a lesser included offense merely because the State is unable to prove its case on the greater crime.[12]

We hold that in Washington, a defendant cannot be convicted of a lesser included offense on a prosecution for a greater crime commenced after the statute of limitations has run on the lesser offense. The case against N.S. must be dismissed for lack of jurisdiction. Therefore, we need not consider whether the evidence was sufficient to support the conviction.

Reversed.

AGID, A.C.J., and APPELWICK, J., concur.

---

[10]*Glover,* 25 Wn. App. at 61.

[11]*Id.,* (citing *State v. Fogel,* 16 Ariz. App. 246, 248, 492 P.2d 742, 744 (1972)).

[12]Some courts hold that the statute of limitations is an affirmative defense that may be waived when the defendant seeks a jury instruction on a time-barred lesser included offense; others find that it is jurisdictional and cannot be waived. *See* Christen R. Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine,* 21 AM. CRIM. L. REV. 445, 474 (1984). However, we need not address this contentious issue because N.S. sought to invoke, not waive, the statute of limitations as a jurisdictional defense.