IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39042-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOSE JESUS FRANCO GUZMAN, | ) | |
| ALIAS: Jose Jesus Guzman Franco | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — The State charged Jose Jesus Franco Guzman with vehicular homicide, but the jury acquitted him of the charge and convicted him of the lesser included offense of driving while under the influence of intoxicants. On appeal, Franco Guzman contends the superior court erred when allowing the State to amend the information to include a charge of Driving Under the Influence (DUI) after the statute of limitations for the crime expired. Because the superior court did not amend the information to include the lesser included offense, we reject Franco Guzman's appeal.

FACTS

The prosecution of Jose Jesus Franco Guzman arises out of a tragic and fatal automobile collision. On January 7, 2020, Franco Guzman drove southbound on Highway 97 in Klickitat County. His car collided with a vehicle driven northbound by Travis Atchley. Atchley died from the injuries he sustained in the collision.

During trial, State Patrol Officer Jennifer Ortiz testified that the location of debris proved the accident occurred in the northbound lane. According to Trooper Ortiz, Franco Guzman crossed the center line and caused the accident. Jose Jesus Franco Guzman's engineering expert Paul Moore testified that the location of gouge marks is more reliable and that the gouge marks found in the southbound lane indicated the accident could have occurred in Franco Guzman's lane instead.

After the collision, first responders transported Jose Jesus Franco Guzman to the hospital. Law enforcement procured a warrant to draw and test his blood. Franco Guzman's blood alcohol content was 0.12 two hours after the collision.

PROCEDURE

The State of Washington charged Jose Jesus Franco Guzman with vehicular homicide. The January 8, 2020 information read:

> That the said Jose Jesus Guzman Franco in the County of Klickitat, State of Washington, on or about January 7, 2020, did drive a motor vehicle while under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.402, which was the proximate cause of injury to Travis Atchley, a human being whose death occurred within three years as a proximate result of that injury; contrary to RCW 46.61.520(1)(a), and against the peace and dignity of the State of Washington.

Clerk's Papers at 1. Despite the information referencing driving while intoxicated, the information did not expressly charge Franco Guzman with the crime of DUI.

On January 19, 2022, the opening day of trial, Franco Guzman informed the superior court that the information listed his last names in reverse order. The State

2

proposed amending the information to reflect the correct ordering of Franco Guzman's name. The superior court granted leave to amend the information to do so. The body of the amended information read identically to the first information. The only change in the amended information was in the caption of the case as to the last names of Franco Guzman.

In addition to delivering jury instructions for the crime of vehicular homicide, the superior court informed the jury that, should the jury not reach a verdict of guilt for vehicular homicide, it could consider the lesser included offense of driving while under the influence of intoxicants. The jury acquitted Jose Jesus Franco Guzman of vehicular homicide, but found him guilty of DUI.

LAW AND ANALYSIS

On appeal, Jose Jesus Franco Guzman seeks reversal of his conviction for DUI on the basis of the statute of limitations. Franco Guzman posits that the State, when amending the information on January 19, 2022, added DUI as a second charge. According to Franco Guzman, on January 8, 2022, the two-year anniversary of the Highway 97 collision, the limitation period expired.

Jose Jesus Franco Guzman's contention conflicts with the procedural facts. On January 19, 2022, the State did not amend the information to add a charge of DUI. The amended information only reversed the order of Franco Guzman's two surnames. Instead, the superior court instructed the jury that DUI was a lesser included offense of

3

vehicular homicide. Franco Guzman does not argue against DUI being a lesser included offense.

DUI is a gross misdemeanor. RCW 46.61.502(5). Under RCW 9A.04.080(1)(k), "no gross misdemeanor, except as provided under (e) of this subsection, may be prosecuted more than two years after its commission." RCW 9A.04.080(1)(k). Vehicular homicide is a class A felony. RCW 46.61.520(2). Under RCW 9A.080(1)(a)(iv), the State may prosecute for vehicular homicide at any time after the crime.

DUI is a lesser included offense of vehicular homicide because it is necessarily included in the crime of vehicular homicide. The vehicular homicide statute declares:

> (1) When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person, the driver is guilty of vehicular homicide if the driver was operating a motor vehicle:
> (a) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502.

RCW 46.61.520. The driving while under the influence statute reads:

> (1) A person is guilty of driving while under the influence of intoxicating liquor, cannabis, or any drug if the person drives a vehicle within this state:
> (a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506.

RCW 46.61.502.

In turn, RCW 10.61.006, governing lesser included offenses, provides:

4

> In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he or she is charged in the indictment or information.

*State v. N.S.*, 98 Wn. App. 910, 912, 991 P.2d 133 (2000), bars a conviction for a lesser included offense on a prosecution for a greater crime commenced after the statute has run on the lesser included offense. Nevertheless, the State, in Jose Jesus Franco Guzman's prosecution, filed the information within two years of Franco Guzman having driven while intoxicated. In fact, the prompt prosecutor filed the information the following day and the information notified Franco Guzman that the State also concluded he committed the crime of DUI. Franco Guzman does not argue that the statute of limitations bars a conviction for a lesser included offense if the information for the greater crime is filed within the limitation period of the lesser crime.

In his appellant's brief, Jose Jesus Franco Guzman assigns error to the superior court's imposition of restitution on a DUI when the jury verdict purportedly supported no causal connection between the DUI and the losses claimed. In the body of his brief, Franco Guzman wrote that he would later supplement the brief to include argument in support of this assignment. Nevertheless, Franco Guzman never supplemented the brief. Therefore, we do not address this assignment of error.

## CONCLUSION

We affirm Jose Jesus Franco Guzman's conviction for driving while under the influence of intoxicants.

5

No. 39042-0-III
*State v. Franco Guzman*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Cooney, J.

_____
Pennell, J.