681 P.2d 466

Roger W. PRICE, Plaintiff/Appellee,

v.

Hon. Margaret L. MAXWELL, Magistrate, Tucson City Court, Respondent,

and

STATE of Arizona, Real Party in Interest/Appellant.

No. 2 CA–CIV 4780.

Court of Appeals of Arizona, Division 2.

Nov. 30, 1983.

Reconsideration Denied Jan. 6, 1984.

Review Granted Feb. 22, 1984.

Lieberthal & Kashman, P.C. by Howard A. Kashman, Tucson, for plaintiff/appellee.

Frederick S. Dean, Tucson City Atty. by Susan R. Agrillo, Asst. City Atty., Tucson, for real party in interest/appellant.

## OPINION

HATHAWAY, Judge.

This appeal requires us to determine the scope of the exception to the statute of limitations in criminal actions which permits the commencement of a new prosecution beyond the period of limitations where the original complaint has been dismissed "for any error, defect, insufficiency or irregularity . . . ." A.R.S. § 13–107(F).

Appellee was charged on May 27, 1981, with driving while intoxicated in violation of A.R.S. § 28–692. Appellee filed a motion to suppress in the Tucson City Court, which was taken under advisement by another city magistrate, not the respondent here, on June 30, 1981. From the record, it appears that the court's tape recording of the hearing on the motion to suppress was inadvertently destroyed, with the result that the motion was not ruled upon until April 14, 1982. Appellee then moved to dismiss the charges for denial of a speedy trial. Judge Bowen granted the motion on April 30, 1982, but took under advisement whether or not the dismissal should be with prejudice. On June 4, 1982, finding that the appellee had not been prejudiced by the loss of the tape recording of the motion to suppress hearing, the court ordered that dismissal of the charges was granted without prejudice. Following a refiling of the charges by the state on June 14, 1982, appellee moved to dismiss with prejudice on grounds that the one-year statute of limitations had run. A.R.S. § 13–107(B)(1). The

court by the respondent judge denied the motion, holding that the dismissal of the original complaint had resulted from the "irregularity of lost testimony, creating the long period of time which the matter was held under advisement," and that the statute of limitations was therefore extended under the provisions of A.R.S. § 13–107(F). Appellee then filed a special action in superior court, which accepted jurisdiction and ordered the second complaint dismissed for the reason that § 13–107(F) was inapplicable to the present case. The state filed a timely appeal from this decision.

■■■ We address initially the state's challenge to the propriety of special action relief in the superior court. A court's decision to accept a special action and grant relief is appropriate only if there are no other equally plain, speedy and adequate remedies. *Genda v. Superior Court, County of Pima*, 103 Ariz. 240, 439 P.2d 811 (1968) (overruled on other grounds); *Armstrong v. City Court of Scottsdale*, 118 Ariz. 593, 578 P.2d 1022 (App.1978). Where the complaint alleges that the action is barred by the statute of limitations, special action relief is clearly appropriate to terminate the litigation. *Lim v. Superior Court in and for Pima County*, 126 Ariz. 481, 616 P.2d 941 (App.1980). Although *Lim* involved a tort action, the considerations involved are even more compelling in the context of criminal charges. The superior court clearly did not abuse its discretion in accepting the special action.

■■ Appellee argues that this appeal should be dismissed, contending that the special action was a "de facto appeal" from the city court which may not be further appealed, citing *Morgan v. Continental Mortgage Investors*, 16 Ariz.App. 86, 491 P.2d 475 (1971). *Morgan* involved an appeal to the superior court from a final judgment in city court and the Court of Appeals in *Morgan* held simply that it had no jurisdiction over a subsequent appeal from the decision of the superior court. In the present case, as appellee concedes, he had no right to appeal from the denial of his motion to dismiss and his only remedy

was by way of special action. This court clearly has jurisdiction of an appeal from the superior court's judgment granting relief in a special action. A.R.S. § 12–2101(B); *City of Tucson v. Valencia*, 21 Ariz.App. 148, 517 P.2d 106 (1974).

The state contends that although the second complaint was filed more than one year after the alleged offense occurred, the time for filing was extended pursuant to the provisions of A.R.S. § 13–107(F), which provides:

"If a timely complaint, indictment or information is dismissed for any error, defect, insufficiency or irregularity, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitation has expired at the time of the dismissal or will expire within six months of such dismissal."

The state argues that the dismissal of the original complaint was due to an "irregularity" within the meaning of this section, that is, the loss of the tape recording of the hearing on appellee's motion to suppress. Contrary to the state's argument, however, the reason for the dismissal was not the loss of the tape recording, but rather the resulting denial of the appellee's right to a speedy trial. The issue, then, is whether a dismissal of a complaint for speedy trial violations constitutes an "error, defect, insufficiency or irregularity" within the meaning of § 13–107(F).

This savings clause was added to the criminal statute of limitations in 1978, and has not previously been construed by the Arizona courts. A similar savings clause exists in the federal criminal statutes, which extend the statute of limitations for a six-month period "[w]henever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment ... is found otherwise defective or insufficient for any cause ...." 18 U.S.C. §§ 3288, 3289. These statutes and their predecessor (18 U.S.C. § 587, extending the period "whenever an indictment is found defective for any cause ....") have been consistently construed by

the federal courts to apply only to situations where an indictment is dismissed either because of defects on its face or because of irregularities in the proceedings leading to the indictment. See e.g., *United States v. Charnay*, 537 F.2d 341 (9th Cir. 1976) (failure to state an offense); *United States v. Macklin*, 535 F.2d 191 (2nd Cir. 1976) (indictment by illegally constituted grand jury); *United States v. Strewl*, 162 F.2d 819 (2nd Cir.1947) (insufficient indictment); *United States v. Serubo*, 502 F.Supp. 288 (E.D.Pa.1980) (prosecutorial misconduct before grand jury.) On the other hand, these statutes have been held to be inapplicable to cases where an indictment has been dismissed for reasons unrelated to the indictment proceedings. *United States v. DiStefano*, 347 F.Supp. 442 (S.D.N.Y.1972) (failure to prosecute); *United States v. Moriarty*, 327 F.Supp. 1045 (E.D.Wis.1971) (voluntary dismissal by the government on the grounds that the interests of justice demanded no further prosecution).

 Unlike the federal statutes, the savings clause in the Arizona statute is not limited to dismissals based on defects in the indictment or the proceedings leading to an indictment. By its very language, the statute applies to dismissals "for *any* error, defect, insufficiency or irregularity ...." A.R.S. § 13–107(F) (emphasis supplied). Criminal statutes of limitation are to be liberally construed in favor of the accused. *State v. Fogel*, 16 Ariz.App. 246, 492 P.2d 742 (1972). Unlike their counterpart in civil actions, such statutes constitute not simply a limitation upon the remedy, but rather a limitation upon the power of the sovereign to act. Id. In *Fogel*, we noted that the purpose for this rule is "to protect the accused from the burden of defending himself against charges of long completed conduct." 16 Ariz.App. at 248, 492 P.2d at 744. Where a complaint has been timely filed in the first instance, however, as in this case, the purpose for the rule is not disserved by permitting the filing of a second complaint where the first has been dismissed for reasons unrelated to the pre-complaint proceedings. The accused is fully protected from any prejudicial consequences of post-complaint delay by the speedy trial provisions of the Arizona Rules of Criminal Procedure, Art. 2, § 24 of the Arizona Constitution and the Sixth Amendment of the United States Constitution. Accordingly, we find no reason to construe the savings clause to preclude refiling where the dismissal resulted from a violation of Rule 8, Arizona Rules of Criminal Procedure, which the court expressly found to have been nonprejudicial.

The judgment of the superior court is reversed and the cause remanded to the Tucson City Court.

HOWARD, C.J., and BIRDSALL, J., concur.