681 P.2d 384

**Roger W. PRICE, Plaintiff/Appellee,**

**v.**

**Hon. Margaret L. MAXWELL, Magistrate, Tucson City Court, Respondent,**

**and**

**STATE of Arizona, Real Party in Interest/Appellant.**

**No. 17355–PR.**

Supreme Court of Arizona, In Banc.

May 11, 1984.

Lieberthal & Kashman by Howard A. Kashman, Tucson, for plaintiff/appellee.

Frederick S. Dean, Tucson City Atty. by Susan R. Agrillo, Asst. City Atty., Tucson, for real party in interest/appellant.

CAMERON, Justice.

Robert W. Price petitioned this court to review an adverse decision of the Court of Appeals, *Price v. Maxwell*, 140 Ariz. 314, 681 P.2d 466 (App.1983), which reversed a decision of the Superior Court in petitioner's favor. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Ariz. Const. Art. 6, § 5(3).

The issue we must decide on appeal is:

When a complaint is dismissed without prejudice on speedy trial grounds after the applicable statute of limitations has run, does A.R.S. § 13–107(F) permit the state to refile the complaint?

The facts in this case follow. The petitioner was charged in city court on 27 May 1981 with driving while under the influence of alcohol in violation of A.R.S. § 28–692. He filed a motion to suppress evidence which was taken under advisement on 30 June 1981. The record of the motion was inadvertently destroyed, and no ruling was made until 14 April 1982, almost ten months later. Petitioner then moved to dismiss the charges on speedy trial grounds pursuant to Rule 8, Arizona Rules of Criminal Procedure, 17 A.R.S. The motion was granted on 30 April 1982, but the magistrate took under advisement the question of whether to dismiss with prejudice. On 4 June 1982 the court ordered that the dismissal was without prejudice. The state then refiled the charges on 14 June 1982, which was after the one-year

statute of limitations applicable to the offense expired. The petitioner moved to dismiss, alleging violation of the one-year statute of limitations. A.R.S. § 13–107(B). The respondent magistrate denied the motion to dismiss holding that the provisions of A.R.S. § 13–107(F) applied and the complaint could be refiled. The petitioner filed a special action in the Superior Court which held that A.R.S. § 13–107(F) did not apply and that the complaint should be dismissed. The state appealed to the Court of Appeals which held that A.R.S. § 13–107(F) applied and reversed. The petitioner applied to this court for review.

The statute states:

If a timely complaint, indictment or information is dismissed for any error, defect, insufficiency or irregularity, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitation has expired at the time of the dismissal or will expire within six months of such dismissal.

A.R.S. § 13–107(F). The Court of Appeals stated:

A similar savings clause exists in the federal criminal statutes, which extend the statute of limitations for a six-month period "[w]henever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment ... is found otherwise defective or insufficient for any cause ...." 18 U.S.C. §§ 3288, 3289. These statutes and their predecessor (18 U.S.C. § 587, extending the period "whenever an indictment is found defective for any cause ....") have been consistently construed by the federal courts to apply only to situations where an indictment is dismissed either because of defects on its face or because of irregularities in the proceedings leading to the indictment. On the other hand, these statutes have been held to be inapplicable to cases where an indictment has been dismissed for reasons unrelated to the indictment proceedings.

*Price v. Maxwell,* supra, at 316, 681 P.2d at 468 (citations omitted). The Court of Appeals, however, held that analogy to the federal statute was misplaced because the federal statutes specifically apply to grand jury proceedings and indictments, while the Arizona statute has no such limiting language. The Court of Appeals held, in effect, that a dismissal for violation of speedy trial is an "error, defect, insufficiency or irregularity" within the meaning of A.R.S. § 13–107(F), and that the complaint in this case could be refiled under the statute of limitations extension granted by A.R.S. § 13–107(F). We do not agree.

 This case is controlled by the statute of limitations. It is immaterial that the court, in dismissing for violation of the speedy trial rules, specified that it was without prejudice. A violation of the speedy trial rule cannot extend the statute of limitations.

Statutes of limitation in criminal cases are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct. Unlike a statute of limitation in a civil case, a criminal statute of limitation is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused. It is jurisdictional.

Statutes of limitation are to be construed liberally in favor of the accused and against the prosecution.

*State v. Fogel,* 16 Ariz.App. 246, 248, 492 P.2d 742, 744 (1972) (citations omitted). The terms in § 13–107(F) of "any error, defect, insufficiency or irregularity" are limited to the complaint, information, or indictment. Therefore, the analogy with the federal statute is not misplaced. That the federal statute speaks specifically of the proceedings of the grand jury or the indictment is not significant because federal charges must be brought by way of indictment (unless the right is waived). 18 U.S.C. §§ 3288 and 3289. In Arizona, however, an information or complaint may also be used. A.R.S. § 13–107(F) only tolls the operation of the statute of limitations if the "error, defect, insufficiency or irregularity" relates to the "timely complaint, indictment or information" and not to other errors in processing the case.

Our view is supported by the meager legislative history which exists concerning the statute. A senate staff memorandum given to the members of the Senate Judiciary Committee which contained an analysis of the bill stated in pertinent part:

17. [A.R.S. § 13–107(E), (F)]: *Time Limitations*

Two changes are proposed to this section on time limitations; the first will establish more clearly that the longer felony limit applies to all open-ended felonies and the second will toll the statute for the refiling of the *corrected* indictment, information or complaint.

Senate staff analysis of H.B. 2025, 7 March 1978, at page 4 (emphasis added). It appears the legislative intent was to allow an extension to the statute of limitations only when the information, indictment or complaint is defective, and not for any and all errors which might occur during the prosecution of an offense.

The opinion of the Court of Appeals is vacated. The matter is reversed and remanded to the city court for dismissal of the complaint.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.