751 P.2d 600

A.V. JOHNSON, Appellant,

v.

TUCSON CITY COURT and the Honorable Karen Adam, a magistrate thereof, Respondents; and Pima County Superior Court and the Honorable Philip Fahringer, a judge thereof, Appellees.

No. 2 CA–CV 87–0250.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 2, 1988.

Reconsideration Denied March 15, 1988.

Stephen Paul Barnard, Tucson, for appellant.

Frederick S. Dean, City Atty. by M.J. Raciti and L. Michael Anderson, Tucson, for appellees.

## OPINION

HATHAWAY, Judge.

Appellant was arrested on August 14, 1985, and charged with violations of A.R.S. §§ 28–692(A) and 28–692(B). On September 11, 1986, on appellant's motion the charges were dismissed without prejudice, pursuant to Ariz.R.Crim.P. 8, 17 A.R.S. The following day the state filed its notice of appeal, and on October 2, 1986, refiled the charges against appellant. Believing that the refiling was proscribed by Rule 9 of the Superior Court Rules of Appellate Procedure–Criminal, the state moved to dismiss the appeal, which was granted, and refiled the charges against appellant on February 19, 1987.

Appellant's motions to dismiss based upon the statute of limitations, A.R.S. § 13–107(B), and Rule 8 speedy trial violations were denied. Appellant filed a special action in the Pima County Superior Court contesting the denial of those motions. The superior court denied appellant's requested special action relief, hence this appeal.

Appellant contends on appeal that the statute of limitations has run and that the state cannot prosecute appellant. The state's position is that the prosecution can proceed based on A.R.S. § 13–107(F), as amended, which provides:

F. If a complaint, indictment or information filed before the period of limitations has expired is dismissed for any reason, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitations has expired at the time of the dismissal or will expire within six months of such dismissal.

Appellant relies on *Price v. Maxwell*, 140 Ariz. 232, 681 P.2d 384 (1984), in support of his contention that the state can no longer

prosecute him. In that case, the Arizona Supreme Court interpreted the A.R.S. § 13–107(F) savings clause prior to the 1985 amendment. A comparison of the original and amended versions of the statute can be easily visualized by reviewing the applicable portions of the Session Laws which shows the changes in the statute enacted by the legislature:

Amended A.R.S. § 13–107(F) in its draft form read:

RELATING TO CRIMES; PRESCRIBING THAT PROSECUTION DISMISSED FOR ANY REASON MAY BE COMMENCED WITHIN SIX MONTHS AFTER DISMISSAL; PRESCRIBING REPEAL OF TIME LIMIT FOR TRIAL OF PERSON NOT RELEASED ON BAIL; AMENDING SECTION 13–107, ARIZONA REVISED STATUTES, AND REPEALING SECTION 13–3969, ARIZONA REVISED STATUTES.

Be it enacted by the Legislature of the State of Arizona:

Section 1. Section 13–107, Arizona Revised Statutes, is amended to read:

13–107. *Time Limitations*

\* \* \* \* \* \*

F. If a ~~timely~~ complaint, indictment or information FILED BEFORE THE PERIOD OF LIMITATION HAS EXPIRED is dismissed for any ~~error, defect, insufficiency or irregularity~~ REASON, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitation has expired at the time of the dismissal or will expire within six months of such dismissal.

Laws 1985, Ch. 223 § 1.

The court in *Price v. Maxwell* found that the words "error," "defect," "insufficiency" or "irregularity" contained in the original statute narrowed its application, analogizing the Arizona savings clause to the federal savings clauses. The court noted that, in practice, the federal savings clauses have only been applied to problems arising in the charging document. At the time of the opinion in *Price v. Maxwell,* supra, May 11, 1984, the federal statute, 18 U.S.C.

§§ 3288, 3289 and A.R.S. § 13–107(F) had similar wording, albeit the federal statute was narrowed by indictment specificity. 18 U.S.C. §§ 3288 and 3289 provided, in part:

Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment ... is found otherwise defective or insufficient for any cause....

█ The amendment to A.R.S. § 13–107(F) occurred shortly after the *Price v. Maxwell* decision, and appears to respond to it by reflecting a legislative intent to allow refiling where a case "is dismissed for any reason...." Where the statute is clear, the plainly expressed legislative intent must be followed. *Pennell v. Industrial Commission of Arizona,* 152 Ariz. 276, 731 P.2d 641 (App.1987). The amendment to the statute occurring shortly after the *Price* case particularly suggests a legislative intent to broaden the statute to include a case dismissed for violations of Rule 8. We hold that it does.

Appellant contends that if A.R.S. § 13–107(F) applies, the sequence of events in the case should be examined.

| | |
|---|---|
| August 14, 1985 | Arrest |
| August 8, 1986 | Statute of limitation runs |
| September 11, 1986 | Case dismissed |
| September 12, 1986 | Notice of appeal filed |
| October 2, 1986 | Case refiled |
| January 27, 1987 | Case dismissed |
| February 19, 1987 | Case refiled 2nd time |

█ Appellant argues that the state cannot use the savings clause again for their second refiling, February 19, 1987. Nothing in the statute, however, forbids it so long as it is accomplished within the six-month time frame triggered by the initial dismissal without prejudice. And so it was here. The state apparently elected to forego the appeal inasmuch as the time extension to refile was running and not tolled by the appeal, and there was danger that the A.R.S. § 13–107(F) time limits would run before adjudication of the appeal. See *State v. Million,* 120 Ariz. 10, 583 P.2d 897 (1978). See also *Litak v. Scott,* 138 Ariz. 599, 676 P.2d 631 (1984), (holding that another complaint may be filed after conclusion of appeal if refiling is still allowable). The A.R.S. § 13–107(F) six-month extension to refile was about to

expire, and refiling would then have been foreclosed. Appellant's concern that the state can continue dismissing, retriggering the extension of the statute and refiling is without basis in the instant case. We construe the statute to allow the extension to run only from the first dismissal without prejudice. Clearly, the § 13–107(F) six-month extension cannot operate where the dismissal has been with prejudice, or where the extension would prejudice a defendant's constitutional rights. In view of the dismissal without prejudice, the speedy trial rule begins anew with the filing of the new complaint. *State v. Gutierrez*, 121 Ariz. 176, 589 P.2d 50 (App.1978).

*Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), being prospective, is inapplicable. We find *Oshrin v. Coulter*, 142 Ariz. 109, 688 P.2d 1001 (1984), inapposite. There, the defendant was disadvantaged through the prosecution's bad faith and the prosecution's misleading. Nothing of this sort appears in the instant case.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.