840 P.2d 296

Robert N. LEE, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable E.G. Noyes, Jr., a judge thereof, and the Honorable M. Louis Levin, as presiding judge of the Phoenix Municipal Court, a judge thereof, Respondents,

Roderick G. McDOUGALL, as City Attorney of the City of Phoenix, Arizona, Real Party in Interest.

No. 1 CA-SA 92–034.

Court of Appeals of Arizona, Division 1, Department D.

Sept. 3, 1992.

Review Denied Dec. 1, 1992.

Patrick E. Eldridge, Phoenix, for petitioner.

Roderick G. McDougall, Phoenix City Atty. by Samuel K. Lesley, Asst. City Prosecutor, Phoenix, for real party in interest.

## OPINION

EHRLICH, Judge.

Robert Lee petitioned this court to consider whether the state's appeal from a municipal court order suspends the operation of a six-month savings statute allowing the refiling of criminal charges after the limitations period has expired. By earlier order, we accepted special action jurisdiction for several reasons: First, the petitioner is without an adequate remedy by appeal, *see* Ariz.R.P.Special Actions 1(a); *Bechtel v. Rose in and for Maricopa County*, 150 Ariz. 68, 71, 722 P.2d 236, 239 (1986), because the matter originated in justice court and was appealed to the superior court. *See State ex rel. McDougall v. Superior Court (Klemencic)*, 170 Ariz. 474, 475, 826 P.2d 337, 338 (App.1991); *see also* Superior Ct.R.Crim.App.P. 13(b). In addition, the issue is one of statewide significance which can be decided on legal principles and statutory interpretation rather than factual resolutions. *E.g., University of Arizona Health Sciences Center v. Superior Court*, 136 Ariz. 579, 581, 667 P.2d 1294, 1296 (1983); *Escalanti v. Superior Court*, 165 Ariz. 385, 386, 799 P.2d 5, 6 (App.1990); *Winner Enterprises v. Superior Court*, 159 Ariz. 106, 107–08, 765 P.2d 116, 117–18 (App.1988). In the order accepting jurisdiction, we also denied the petitioner relief and stated that this opinion would follow.

## FACTS AND PROCEDURAL HISTORY

On April 23, 1989, the petitioner was charged in Phoenix Municipal Court with driving while under the influence of intoxicating liquor (DUI) and driving with a blood-alcohol concentration of .10% or greater plus traffic and automobile insurance violations. He filed a motion in municipal court to dismiss or suppress the results of his breath test; the motion to suppress was granted. On March 8, 1990, the court granted the state's motion to dismiss the charges against the petitioner without prejudice. On the following day, pursuant to Ariz.Rev.Stat.Ann. section ("A.R.S. §") 13–4032(7),[1] the state filed a notice of appeal in Maricopa County Superior Court from the municipal court's suppression order. In a minute entry filed on October 12, 1990, and issued three days later, the superior court reversed the municipal court's order.

On October 23, 1990, the state refiled the DUI charges against the petitioner. He then filed a motion in municipal court to dismiss the charges on the basis that they were not filed within the period provided by A.R.S. § 13–107(F), the savings statute allowing a new prosecution within six months after a dismissal becomes final even if the one-year limitations period of § 13–107(B)(2) has elapsed. The municipal court found that the savings clause and the statute permitting the state to appeal conflicted; it dismissed the charges pursuant to § 13–107(F). The state appealed the dismissal to superior court.

The superior court determined that the state's timely notice of appeal tolls the operation of A.R.S. § 13–107(F) until the superior court decision is filed. It reversed the municipal court and remanded the matter for prosecution. As the court explained, "A.R.S. § 13–4032(1) gives the State the right to appeal. A.R.S. § 13–107(F) does not put a six month fuse on that right to appeal." It added that "[w]hen the State is pursuing an appeal in a manner authorized by the Supreme Court, it is nonsensical to allow a new statute of limitations to cut off that appeal at six months." This special action resulted.

## DISCUSSION

The petitioner argues that the second complaint was not filed within the period of

1. Currently A.R.S. § 13–4032(6) (1992).

time provided by the savings clause. He submits that the expiration of the limitations period was jurisdictional and that the state therefore was precluded from refiling the DUI charges against him. The state, relying on *State v. Million*, 120 Ariz. 10, 583 P.2d 897 (1978), contends that its appeal from the municipal court's order tolled the savings statute until the superior court issued its decision and that the second complaint was filed within the appropriate amount of time. We thus must decide the effect of an appeal by the state from a municipal court order, pursuant to A.R.S. § 13–4032(6), on the savings clause of A.R.S. § 13–107(F).

Although not dispositive, the supreme court's decision in *Million*, 120 Ariz. 10, 583 P.2d 897, supports the manner in which the state pursued its appeal in the present case. *See also State v. Sinclair*, 159 Ariz. 493, 496, 768 P.2d 655, 658 (App.1988) (state followed identical procedure). In *Million*, the court considered whether a delay violated a defendant's right to a speedy trial under the Arizona Rules of Criminal Procedure and the United States Constitution. 120 Ariz. at 13, 583 P.2d at 900.[2] The trial court had granted the defendant's motion to suppress evidence; the state had appealed the suppression order.[3] The matter then was dismissed without prejudice by the trial court. One year later, this court reversed the trial court's suppression order, whereupon the defendant informed this court that the matter had been dismissed. The opinion then was vacated because the issues were moot.

Eighteen months after the original charges were filed, and 435 days from the dismissal of the original indictment, the state filed a new indictment against the defendant. He was found guilty and appealed. On appeal, the supreme court held that the 435–day delay between the dismissal and the new indictment did not violate the defendant's right to a speedy trial. *Id.* at 14, 583 P.2d at 901. It explained the predicament of the state between going to

trial without the evidence or allowing the case to be dismissed and facing the risk that the defendant and/or witness(es) might not remain available. *Id.* at 13, 583 P.2d at 900. Regardless, the delay was justified by the state's exercise of its right to appeal from an adverse evidentiary ruling in a criminal matter. *Id.* at 14, 583 P.2d at 901. *See also State ex rel. McDougall v. Gerber*, 159 Ariz. 241, 242, 766 P.2d 593, 594 (1988) (time for court to decide appeal by state under A.R.S. § 13–4032(1) was excluded from Rule 8.2 time limits). The court did not address whether the delay occasioned by the state's appeal affected the savings statute.

A prosecution for a misdemeanor must begin within one year after its discovery. A.R.S. § 13–107(B)(2). However, if a timely complaint is dismissed for any reason, "a new prosecution may be commenced within six months after the dismissal becomes final even if the [one-year] period of limitations has expired at the time of the dismissal or will expire within six months of such dismissal." A.R.S. § 13–107(F). The operation of this six-month savings clause may be triggered when the charges are dismissed if the statute of limitations otherwise has expired. *See Johnson v. Tucson City Court*, 156 Ariz. 284, 286, 751 P.2d 600, 602 (App.1988).

In criminal matters, the state has a limited right of appeal which is enumerated by statute. *See* A.R.S. § 13–4032; *State v. Dawson*, 164 Ariz. 278, 280, 792 P.2d 741, 743 (1990). It is permitted to appeal from "[a]n order granting a motion to suppress the use of evidence." A.R.S. § 13–4032(6).

The question now arises whether the statutory extension for the refiling of charges continues to "run" during the pendency of the state's appeal. In such a situation, we are directed to construe the two statutes harmoniously so as to give meaning to both. *E.g., Pima County By City of Tucson v. Maya Construction Company*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988); *Lemons v. Superior*

---

2. The petitioner has not asserted such a violation in his petition for special action.

3. The state appealed pursuant to the same statute as in this case, A.R.S. § 13–1712(7), which became § 13–4032(7) and then § 13–4032(6).

*Court of Gila County*, 141 Ariz. 502, 505, 687 P.2d 1257, 1260 (1984); *State v. Thomason*, 162 Ariz. 363, 366, 783 P.2d 809, 812 (App.1989).

Generally, the purpose of a statute of limitations is to protect defendants and courts from the litigation of stale claims. *E.g., Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464, 799 P.2d 801, 805 (1990). Specifically, a limitations period in a criminal matter protects a person from "charges of long completed misconduct" and, once expired, completely prohibits the state from proceeding against a defendant. *State v. Fogel*, 16 Ariz.App. 246, 248, 492 P.2d 742, 744 (1972). This purpose necessarily applies to a savings clause as it permits the timely refiling of an action after the limitations period has expired. *See Hosogai v. Kadota*, 145 Ariz. 227, 230, 700 P.2d 1327, 1330 (1985).

As stated earlier, the savings clause at issue provides that, following the dismissal of charges, "[a] new prosecution may be commenced within six months *after the dismissal becomes final....*" (Emphasis added.) The presence of the words "becomes final" indicates that other actions were contemplated by the legislature after entry of the actual dismissal. Otherwise, the words are surplusage that need not have been included in the statute. *E.g., State v. Garza Rodriguez*, 164 Ariz. 107, 112, 791 P.2d 633, 638 (1990) (meaning must be given to each statutory clause). The meaning of the emphasized phrase is critical to reconciling the statutes because, once we determine the point at which a dismissal becomes final, the six-month period begins to run. Since the word "final" as it appears in A.R.S. § 13–107(F) is not defined either by statute or caselaw, we are directed to interpret such non-technical words according to their common meaning. A.R.S. § 1–213; *e.g., Mid–Kansas Federal Savings and Loan Ass'n of Wichita v. Dynamic Development Corp.*, 167 Ariz. 122, 128, 804 P.2d 1310, 1316 (1991); *Carrow Co. v. Lusby*, 167 Ariz. 18, 20, 804 P.2d 747, 749 (1990); *see also* A.R.S. §§ 13–104,

1–211(C). The word "final" is commonly defined as "conclusive, decisive or determinative." *See New Universal Webster's Unabridged Dictionary* (2d ed. 1983).

Although, on one level, a dismissal becomes "final" when the charges against a defendant are dismissed, another plane is involved when the state appeals from an adverse ruling relating to the charges for the appellate decision essentially resolves how the state will proceed. However, no party, including the state, has control over the expeditiousness with which an appeal is decided. Of necessity, then, the operation of the savings clause, which begins if misdemeanor charges are dismissed within six months of the expiration of the one-year limitations period, is suspended from the time the state files a timely notice of appeal pursuant to A.R.S. § 13–4032(6) until an appellate decision results. *Cf. Borrow v. El Dorado Lodge, Inc.*, 75 Ariz. 218, 220, 254 P.2d 1027, 1028–29 (1953) (appellate court's judgment not effective as "final" until issuance of the mandate); *City of Glendale v. Skok*, 6 Ariz.App. 342, 344, 432 P.2d 597, 599 (1967) (same). *But see Johnson*, 156 Ariz. at 286, 751 P.2d at 602 (state elected not to pursue appeal, Division Two commenting in dicta that A.R.S. § 13–107(F) would run before appeal).

Any other statutory interpretation would vitiate the purpose of appellate review under A.R.S. § 13–4032(6) because it would further restrict the state's already-limited right to appeal in criminal matters, forcing it to gamble on its likelihood of success on appeal and on whether the appellate decision will issue within the requisite time for refiling the charges.[4] On the other hand, the state's diligent pursuit of an appeal, generated from charges filed previously against a defendant, does not amount to the unexpected enforcement of a stale claim, which is the type of harm a savings clause is designed to prevent.

In the present case, the dismissal of the DUI charges became final, for purposes of A.R.S. § 13–107(F), when the superior court issued its decision on the propriety of

---

4. In *Million,* the supreme court specifically disapproved staying the criminal prosecution pending the state's appeal because this leaves a defendant "in limbo or in custody." 120 Ariz. at 14, 583 P.2d at 901.

124

the municipal court's suppression order. Only then was the state able to consider its prosecutorial options. If the municipal court's suppression order was affirmed on appeal, the state could decide whether to refile a DUI charge not based on the petitioner's blood-alcohol concentration. Alternatively, if the order was reversed, the state could either refile one or both of the DUI charges or choose not to disturb the earlier dismissal. The preservation of such alternatives was not inappropriate but, rather, consistent with the reconciled purposes of the two statutes.

## CONCLUSION

The state here chose to request the dismissal of the DUI charges to afford itself the opportunity to appeal the ruling on the petitioner's motion to suppress rather than proceed to trial with potentially insufficient evidence. Because the state exercised its statutory right to appeal from a suppression order, the time between the filing of the state's notice of appeal and the issuance of the superior court decision is excluded from the six-month period of A.R.S. § 13–107(F).

Jurisdiction accepted; relief denied.

TAYLOR, P.J., and GERBER, J., concur.