943 P.2d 840

Diane UHLIG, Petitioner,

v.

The Honorable John E. LINDBERG, A Judge Pro Tempore of the Superior Court of the State of Arizona, County of Pima, Respondent,

and

The STATE of Arizona, Real Party in Interest.

No. 2 CA–SA 97–0011.

Court of Appeals of Arizona, Division 2, Department B.

April 15, 1997.

Redesignated as Opinion and Publication Ordered May 22, 1997.

Review Denied Sept. 16, 1997.

* A judge of the Pima County Superior Court authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed January 21, 1997.

City of Tucson Public Defender by Bradley E. Thrush and Andrew D. Diodati, Tucson, for Petitioner.

Thomas J. Berning, City Attorney by R. William Call and Wayne Roach, Tucson, for Real Party in Interest.

## OPINION

PELANDER, Presiding Judge.

█ In this special action proceeding, Petitioner Diane Uhlig challenges the Respondent Judge's order which reversed the Tucson City Court's dismissal with prejudice, on limitations grounds, of the misdemeanor criminal charges against petitioner. Petitioner contends the Respondent Judge's ruling was arbitrary and in excess of his jurisdiction and legal authority. Although the charges were filed within the one-year limitation period imposed by A.R.S. § 13–107(B)(2), she maintains that once the City Court dismissed the charges without prejudice on the State's motion, § 13–107(F) limited the period for refiling to six months after the date of dismissal and thus barred the State from refiling and serving the charges on petitioner eight months later. The City Court apparently agreed and dismissed the charges with prejudice. We accept jurisdiction of the petition for special action because the issue allegedly is a recurring one "which can be decided on legal principles and statutory interpretation rather than factual resolutions." *Lee v. Superior Court*, 173 Ariz. 120, 121, 840 P.2d 296, 297 (App.1992). For the reasons stated below, however, we deny relief.

█ We disagree with petitioner's interpretation of the statute as providing an independent limitation period and instead find that section 13–107(F) grants a six-month "savings" period for the prosecution of all minor offenses and most felonies. It provides:

If a complaint, indictment or information filed before the period of limitation has expired is dismissed for any reason, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitation has expired at the time of dismissal or will expire within six months of such dismissal.

We first observe that the subsection applies only when a charge is timely filed initially, as here, within the applicable limitations period. It does not "save" a charge that is filed for the first time after the limitations period has expired. Second, the statute is framed in permissive, not mandatory, terms, allowing but not requiring a new prosecution to be commenced within six months after dismissal. Third, when a charge is timely filed and later dismissed without prejudice, § 13–107(F) grants a six-month savings period in which to refile the charge if the dismissal occurs after the expiration of the limitations period or within six months of its expiration. Thus, as the State correctly notes, § 13–107(F) "allows for an extension of the statute of limitations set forth in A.R.S. § 13–107(B)(2); it does not reduce the overall statute of limitations for misdemeanors to less than one year." This interpretation finds support in our prior case law.

In *Johnson v. Tucson City Court*, 156 Ariz. 284, 751 P.2d 600 (App.1988), this court stated that § 13–107(F) permitted the State to again refile a case after it had been dismissed twice, "so long as it [wa]s accomplished within the six-month time frame triggered by the initial dismissal without prejudice." *Id.* at 286, 751 P.2d at 602. The issue addressed there, however, does not resolve this case because the statute of limitations had run in *Johnson* before the first dismissal. Division One of this court has characterized § 13–107(F) as a "six-month savings clause [which] may be triggered when the charges are dismissed if the statute of limitations otherwise has expired." *Lee*, 173 Ariz. at 122, 840 P.2d at 298. As the court noted, the statute "permits the timely refiling of an action after the limitations period has expired." *Id.* at 123, 840 P.2d at 299.

█ In this case, § 13–107(F) simply has no application. The State refiled the charges against petitioner within the applicable one-

year statute of limitations period under § 13–107(B)(2). Unlike *Johnson,* the statute of limitations had not expired in the interim between the State's dismissal and refiling. Accordingly, we accept jurisdiction but deny relief because the Respondent judge correctly reversed the City Court's granting of petitioner's motion to dismiss.

ESPINOSA, J., and WOODS, J. Pro Tem., concur.