IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2 CA-SA 2003-0026 |
| HON. HOWARD HANTMAN, Judge of | ) | DEPARTMENT A |
| the Superior Court, in and for the County of | ) | |
| Pima, | ) | O P I N I O N |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLAN CLYDE RIEDEL, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20022216

RELIEF GRANTED

Barbara LaWall, Pima County Attorney
  By Amy Pignatella Cain
                                                                    Tucson
                                                    Attorneys for Petitioner

Susan A. Kettlewell, Pima County Public Defender
  By John L. Pollock
                                                                    Tucson
                                          Attorneys for Real Party in Interest

B R A M M E R, Presiding Judge.

¶1         The State of Arizona petitions this court for special action relief in its attempt to

reinstate a misdemeanor prosecution for driving under the influence of an intoxicant (DUI) and

driving with a blood alcohol concentration (BAC) of .10 or more against real party in interest Allan Clyde Riedel. A justice of the peace ordered the charges dismissed on statute of limitations grounds, an order that was subsequently affirmed by the respondent superior court judge on appeal. For the following reasons, we accept jurisdiction and grant relief.

¶2        Because this case originated in justice court, the state appealed the dismissal to superior court. *See* A.R.S. § 22-371(A). Consequently, the state has no equally plain, speedy, and adequate remedy by appeal, because it has no further right to appeal. *See* A.R.S. § 22-375 (limited scope of such appeals does not encompass appeals from superior court's ruling); *State v. Superior Court*, 188 Ariz. 372, 936 P.2d 558 (App. 1997) (special action only means by which state may obtain further review). Moreover, the issue raised is a pure issue of law, thereby presenting a question appropriate for special action review. *See United States v. Superior Court*, 144 Ariz. 265, 697 P.2d 658 (1985). Accordingly, in our discretion, we accept jurisdiction of the special action. *See* Ariz. R. P. Special Actions 1(a), 17B A.R.S.

¶3        Under A.R.S. § 13-107(B)(2), the state has one year to commence a misdemeanor prosecution. At issue here is the applicability and effect of § 13-107(G), the so-called "savings clause," which permits the state to refile a dismissed charge outside the one-year limitations period under certain circumstances. *See Johnson v. Tucson City Court*, 156 Ariz. 284, 751 P.2d 600 (App. 1988) (interpreting former § 13-107(F), now (G); 1997 Ariz. Sess. Laws, ch. 135, § 1). Section 13-107(G) provides:

> If a complaint, indictment or information filed before the period of limitation has expired is dismissed for any reason, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitation has expired at the time of the dismissal or will expire within six months of the dismissal.

2

¶1        The state and Riedel agree on the following procedural history of Riedel's case in

justice court:

> 11/27/99   Riedel arrested and charged with DUI offenses in cause
> TR99-050547
>
> 02/25/00   Cause TR99-050547 dismissed without prejudice
>
> 03/13/00   Same DUI charges refiled against Riedel in cause
> TR00-012019
>
> 01/15/02   Cause TR00-012019 dismissed without prejudice
>
> 03/27/02   Same DUI charges again refiled against Riedel in cause
> TR02-017969

On June 21, 2002, the justice of the peace granted Riedel's motion to dismiss the charges with

prejudice, stating: "This case violates the statute of limitations. The second refile on March 27,

2002 is not allowable under any application of the six-month 'savings clause.'"

¶2        Relying on this court's decisions in *Johnson* and *Uhlig v. Lindberg*, 189 Ariz. 480,

943 P.2d 840 (App. 1997), the respondent judge denied the state's subsequent appeal in an order

stating that, because the state had "re-filed the [charges] . . . within the one-year statute of

limitations period[,] . . . the savings clause has no application to the State's later dismissal outside

the statute of limitations." However, *Johnson* and *Uhlig* actually compel the opposite conclusion.

¶1        In *Johnson*, a defendant's charges were dismissed without prejudice after the

limitations period had expired. The state then refiled the charges within six months of the

dismissal. For reasons relating to an appeal that the state initially pursued but then abandoned,

the charges were again dismissed without prejudice. The state later refiled the charges, but still

within six months of the original dismissal. This court held that § 13-107(G) permits the state to

again refile a case after it has been dismissed twice, "so long as it is accomplished within the

3

six-month time frame triggered by the initial dismissal without prejudice." 156 Ariz. at 286, 751 P.2d at 602.

¶1       As apparently did the respondent judge, Riedel attaches great significance to the foregoing quote from *Johnson*, arguing that the six-month savings period here was "triggered" by the dismissal of TR99-050547 on February 25, 2000, because that was the "initial dismissal." But the quoted passage in *Johnson* must be understood in context. In *Johnson*, both the initial and subsequent sets of dismissals and refilings were made after the expiration of the one-year limitations period. In that situation, the six-month savings period that § 13-107(G) provides could only have been triggered by the first dismissal, after the one-year period of limitations had expired. But, as we made clear in *Uhlig*, the quoted language from *Johnson* does not apply to a first dismissal when, as here, the first dismissal and the subsequent refiling of the charges occur within the one-year limitations period.

¶2       In *Uhlig*, the charges against the defendant were dismissed shortly after the limitations period had begun and were refiled eight months later, still within the one-year limitations period but outside the six-month time frame the savings clause provides. In this situation, we held that, because the purpose of the statute is to extend the limitations period and not to reduce it, "§ 13-107([G]) simply has no application." 189 Ariz. at 481, 943 P.2d at 841.

¶3       Here, the initial dismissal of the charges against Riedel in TR99-050547 and the refiling of those charges in TR00-012019 occurred within the one-year limitations period. As in *Uhlig*, then, § 13-107(G) simply had no application to this first dismissal and refiling. Consequently, that dismissal did not trigger the six-month savings period provided in the statute.[1]

_____

[1]As in *Uhlig*, we are not presented with a situation in which a charge is dismissed in the last six months of the one-year limitations period and refiled either during that six-month period or after the expiration of the one-year limitations period, which may implicate § 13-107(G).

4

But the respondent judge's conclusion that § 13-107(G) had no application to the state's later dismissal was unfounded and not required by *Uhlig*, which did not feature a second dismissal and refiling. The first refiling of the charges, in TR00-012019, occurred before the limitations period expired. It is irrelevant that those were *refiled* charges; they were still *filed* within the limitations period, as required by § 13-107(G). It was the dismissal of those charges on January 15, 2002, then, that implicated § 13-107(G) and triggered the six-month savings period. The state's second refiling of the charges in TR02-017969 less than three months later, therefore, was within the applicable savings period provided by § 13-107(G). The justice of the peace erroneously ordered the prosecution dismissed on statute of limitations grounds, and the respondent judge abused his discretion in affirming that order on appeal based on *Johnson* and *Uhlig*. *See State v. Chapple*, 135 Ariz. 281, 660 P.2d 1208 (1983) (equating abuse of discretion with legally incorrect ruling).

**¶4**     Accordingly, we accept jurisdiction and grant relief. *See* Ariz. R. P. Special Actions 3 (claims of abuse of discretion properly raised in special action proceedings). We therefore vacate the respondent judge's order dated January 23, 2002.

_____
J. WILLIAM BRAMMER, JR., Presiding Judge

CONCURRING:


_____
M. JAN FLÓREZ, Judge


_____
JOSEPH W. HOWARD, Judge